## Francis H. Dewey *vs.* John L. Baker.

The *St.* of 1851, *c.* 315, § 3, does not authorize the levy of an execution, issued on a judg-
ment recovered against a manufacturing corporation, on the property of an officer of the
corporation, unless, if he is also a stockholder, he has been summoned and his liabil-
ity established, or, if he is not a stockholder, some stockholder has been summoned
and the liability of stockholders established, in the action in which such judgment was
recovered.

Chapman, J.* This is an action of tort. The defendant, a
deputy sheriff, having in his hands for collection an execution
against the New England Coal Mining Company, levied it upon
the property of the plaintiff, who was a stockholder in the corpo-
ration and one of its officers. He admits that no summons had
been served upon the plaintiff, such as is required by *St.* 1851,
*c.* 315, to make stockholders liable to have their property taken
upon executions against a corporation, and that therefore the
plaintiff was not liable merely as a stockholder to have this
levy made upon his property. But he contends that the plain-
tiff was liable as an officer. He does not allege that the plain-
tiff was liable to pay the debt as an officer, on account of any
such violations or neglects of duty as are mentioned in the Rev.
Sts. *c.* 38, §§ 19, 23, 25, 28. And if the plaintiff had been thus
liable, such liability would not have justified the defendant; it
would have been necessary to bring an action of the case or a
bill in equity against the plaintiff as an officer, in order to make
him personally liable, as provided by §§ 29, 30, 31. Upon an
execution against a corporation for a debt, the Revised Statutes
did not make officers, as such, liable to have their property
levied upon. Stockholders, as such, were liable in case certain
provisions of the statute had not been complied with.

But this provision as to the liability of stockholders was loose,
and did not afford them sufficient protection, and the *St.* of 1851,
*c.* 315, was enacted to supply the defect. The first section pro-
vides that no stockholder shall be liable, unless a summons in
the action is left with him. The second section permits him,
when he is summoned, to appear and defend himself so far as

* Dewey, J. did not sit in this case.

his personal liability is concerned; and provides for an execution against the corporation, with a supersedeas as to him if he prevails. The third section is the one which the defendant contends makes the plaintiff liable as an officer, although the stockholders have not been made liable by process according to the first section. This section provides that " upon any execution issued upon a judgment recovered against any corporation, the stockholders whereof are liable for its debts or any part thereof, in which a demand has been made pursuant to law, and the said execution is not satisfied, the person or property of any officer of the said corporation, at the time when the cause of action accrued, or when the said judgment was rendered, may be taken, and if no property of such officer can be found to satisfy the said execution, then the person or property of any stockholder may be taken thereon." It is agreed that there had been a failure on the part of the corporation to comply with the provisions of the Rev. Sts. *c.* 38, §§ 16, 22. So that if the stockholders had been summoned, according to the first section of the *St.* of 1851, *c.* 315, they would have been liable to have their persons or property taken on the execution which was in the defendant's hands.

The precise question which is raised in this case is, whether the property of an officer may be taken, by virtue of the third section, above mentioned, in a case where he, though a stockholder, has not been summoned. The first clause of this section uses language broad enough to make him liable, though no stockholder has been summoned; for it extends to all cases where the stockholders are liable for the debts or any part thereof; but the last clause must have been intended to control this construction, and to limit the section to cases where the liability of stockholders has been established in the case by a summons as provided in the first section; for it provides that in all cases where no property of an officer can be found, the person or property of any stockholder may be taken. But if the persons or property of stockholders can be taken, notwithstanding they have not been summoned, then the first and second sections are null and void. In order therefore to give

a reasonable interpretation to the whole statute, it is necessary to hold that the property of an officer cannot be levied upon unless the liability of stockholders has been established in the case; or at least unless his own liability has been established, provided he is a stockholder as well as an officer. This section has already given rise to several questions, and it is to be regretted that its meaning is not more clearly expressed; for it is apparent that it still presents other questions that are not free from difficulty.                *Judgment for the plaintiff.*

*H. Williams,* for the plaintiff.

*E. Williams,* (*D. Foster* with him,) for the defendant, cited *Stedman* v. *Eveleth,* 6 Met. 125; *Curtis* v. *Harlow,* 12 Met. 5; *Thayer* v. *Union Tool Co.* 4 Gray, 75; *Denny* v. *Richardson,* 4 Gray, 274; *Richmond* v. *Willis,* 13 Gray, 182.